Hawkins, Butt, Smith & Co. *v.* Lee.

HAWKINS, BUTT, SMITH & CO. *v.* JNO. A. LEE, SR.

1. PARTNERS. *Admissions.* A partner can bind other partners by his admissions only during his connection with the firm. He binds himself by admissions made at any time.

2. CONTRACT. *Evidence.* Where parties do not intend that the written contract should contain the whole of their intentions, evidence of an independent verbal agreement not contradicting the writing is admissible.

### FROM HAMILTON.

Appeal in error from the Circuit Court of Hamilton county. D. C. TREWHITT, J.

KEY & RICHMOND for Hawkins, Butt, Smith & Co.

VANDYKE, COOK & VANDYKE for Lee.

FREEMAN, J., delivered the opinion of the court.

Lee sued plaintiffs in error before a justice of the peace of Hamilton county for breach of a contract of employment, by which the said parties agreed to employ Lee from the 3d day of March, 1879, for one year, at three dollars per day, as a tinner. He avers that on the 16th of July, 1879, the firm wrongfully and without sufficient cause discharged him, and refused to give him employment or pay him wages, to his damage, etc. The case was taken by appeal to the circuit court, where it was tried and judgment had for plaintiff, and appeal in error to this court.

Several errors are assigned in argument. On the trial of the case a statement made by Hawkins, who was one of the firm of Hawkins, Butt, Smith & Co. when the contract was made, but who had retired from the firm before the suit was brought, was offered in evidence by plaintiff, and objected to by defendants' counsel. This statement contained a full history of the contract made between the firm and plaintiff, together with other facts bearing on the liability of defendants. It was taken in the form of a deposition, questions being put by the plaintiff's counsel, and was in fact intended to be such, the parties having agreed to take the deposition by consent, but defendants' counsel being unable to attend to it, the deposition was abandoned, never completed, but was sworn to by Hawkins, kept in possession of plaintiff's counsel, not filed, but introduced on the trial as evidence. It was objected to by defendant's counsel, but the court allowed it to be read as admissions of H. C. Hawkins, and evidence against him, but instructed the jury that the statement was not evidence against the other defendants. Hawkins was sued in this action, all the members of the original firm being named in the writ, but sued as "partners under the firm name of Hawkins, Butt, Smith & Co."

We think this paper was competent testimony as against Hawkins, and for this purpose alone it was admitted to go to the jury by the court.

All contracts are made joint and several by our statute (Code, sec. 2789), and a failure to recover as to one, shall not prevent a recovery against those de-

fendants who may be liable. Hawkins might have confessed judgment as against himself, and if so, he might make admissions which would produce the same result. The court correctly told the jury such admissions could not affect the other parties.

The contract, for the breach of which this suit is brought, was in writing, as shown by the language of the warrant. It was that defendants were to give plaintiff employment for twelve months, at three dollars per day; and the breach alleged is, that he was wrongfully discharged on the 16th of July.

It is not seriously questioned but that plaintiff was discharged. The only question is, whether he was rightly discharged.

On the part of plaintiff, it was shown that at the time of making the contract he was working in his own shop, corner of Eighth and Cherry streets, in Chattanooga, and immediately after the written contract was signed, and on the same occasion, it was further agreed that plaintiff was to work in his own shop, where he then was, and his tools were not to be moved therefrom, and he was to have nothing to do with Mr. Smith (a member of the firm) or the shop of the firm on Market street. It was further agreed that the defendants were to take his three years' lease of the shop off his hands, and insure his tools then in the shop. Plaintiff and Smith were unfriendly. In July, after Hawkins had retired from the firm, Smith proposed to move plaintiff and his tools to the shop on Market street, and discontinue the work at the other shop, where the plaintiff had

worked for the firm from March till then. Lee refused to have his tools moved, and on this refusal was discharged. He continued to tender his services, however, until it was shown they would not receive them.

It is objected that this verbal contract is not admissible, because variant from or adding to the written contract.

We do not think this contention sound. It has been often held by this court that in cases not required to be in writing by the statute of frauds, additional terms may be established by parol testimony, and shall not be excluded by the existence of a written agreement, as, where the additional terms amount to a substantial collateral agreement. The case cited in *Leinau* v. *Smart*, 11 .Hum., 309 (Cooper's ed.), where a horse was hired for six weeks at two guineas, parol testimony was permitted to prove that at the *time* of the hiring it was expressly agreed that, as the horse was given to shying, the hirer, if he took him, should be liable to all accidents, and this on the principle that the writing was confined to one part only of the transaction. See, also, *Cobb* v. *O'Neal*, 2 Sneed, 442; *Bissinger* v. *Guiteman*, 6 Heis., 282.

We think the testimony shows that this agreement, so far as the place where the plaintiff was to work, was understood by the other members of the firm. Its other stipulations as to the lease and insurance, we think were also known, as the lease was taken by the firm and the tools insured. We think there was no error in admitting this testimony, and upon it the

jury were warranted in finding the contract broken by a demand in violation of what had been agreed on by the parties. In this view of the case, we need not discuss or decide upon the validity of an agreement made by one partner in such a case that an employee should not have anything to do with another member of the firm. Conceding that such a term of the contract might not be binding, it is clear in this case the other stipulations were reasonable and binding, and the breach of these alone were the cause of difference between the parties. For insisting on the terms of the contract—that he was to remain in the shop on Eighth street and his tools, agreed to be furnished, were not to be moved—the plaintiff was discharged. This was a legal wrong done him, and he was entitled to be compensated in damages such as a jury deemed he had sustained.

The question of the right to sue before the end of the time for which the contract was made, and the measure of damages, we need not discuss in this opinion. The law in such a case has been determined in favor of plaintiff at this term in the case of *East Tenn., Va. & Ga. R. R. Co.* v. *Staub*, in an opinion by McFarland, J., to which we refer for the rule as well as the reasons on which it rests.

On the whole case we see no error, and affirm the judgment.